IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ALICIA L. CHURCHWELL                                                    PLAINTIFF


v.                                    CIVIL NO. 6:25-cv-06070


FRANK BISIGNANO, Commissioner                                          DEFENDANT
Social Security Administration


## MEMORANDUM OPINION


Plaintiff, Alicia L. Churchwell, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See U.S.C. § 405(g).

Plaintiff protectively filed her application for DIB on August 31, 2022. (Tr. 19). In her application, Plaintiff alleged disability beginning on July 24, 2022, due to: migraine associated vertigo, degenerative disc disease, osteoarthritis, sciatica, peripheral nerve disease, post-traumatic stress disorder, anxiety, depression, panic disorder, syncope and collapse. (Tr. 19, 261). An administrative hearing was held via video on July 15, 2024, at which Plaintiff appeared with counsel and testified. (Tr. 37–81). A vocational expert ("VE") also testified. *Id*.

On August 5, 2024, the ALJ issued an unfavorable decision. (Tr. 16–30). The ALJ found that Plaintiff met the insured status requirements of the Act through December 31, 2027. (Tr. 21). The ALJ found Plaintiff had the following severe impairments: cervical dystonia, SI joint

1

dysfunction, headaches, scoliosis, obesity, anxiety, depressive disorder, and panic disorder. (Tr. 21–22). The ALJ considered Plaintiff's allegations of degenerative disc disease, osteoarthritis, peripheral nerve disease, and syncope with collapse and found that these were not medically determinable impairments. *Id*. The ALJ found that Plaintiff's anemia, hypoxemia, vertigo with nausea and vomiting, peripheral vascular disease, tinnitus, syncope, irritable bowel syndrome, bradycardia, history of Covid-19, Barrett's esophagus, and hypertension were not severe impairments. *Id*. The ALJ found Plaintiff's impairments did not meet or medically equal the severity of any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 22–24). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except the claimant can never climb ladders, ropes, or scaffolds; frequently climb ramps and stairs; frequently stoop, kneel, crouch, and crawl; frequently reach overhead bilaterally; and has to avoid moderate exposure to excessive vibration, unprotected heights, hazardous machinery, very loud noises (such as jackhammering, rock concerts), and bright lighting or strobe type lighting. The claimant can use judgment to make simple work-related decisions; maintain concentration, persistence, and pace for simple tasks; understand, remember, and carry out simple work instructions and procedures; and adapt to changes in the work setting that are simple, predicable, and can be easily explained.
> (Tr. 24–26).

The ALJ found Plaintiff could not perform any of her past relevant work but, based upon the testimony of the VE, Plaintiff could perform the representative occupations of assembler, cleaner, machine tender, or ticket checker. (Tr. 26–27). The ALJ found Plaintiff was not disabled from July 24, 2022, through August 5, 2024, the date of the decision. (Tr. 29-30).

Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 11, 13).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). So long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises one point on appeal, whether the RFC finding at the light exertional level was supported by substantial evidence. (ECF No. 11). Plaintiff argues that the ALJ erred in finding several of her impairments to be not severe, without enough detail as to why each impairment was not severe. (ECF No. 11, p. 3). Plaintiff argues that her vertigo with nausea and vomiting, tinnitus, and syncope have consistently and continue to cause functional limitations that prevent her from working. *Id*. Defendant argues that the overall record supports the RFC finding, and notes that Plaintiff acknowledged Plaintiff's history of migraines, vertigo, and tinnitus. (ECF No. 13). Defendant argues that the ALJ's RFC findings align with the opinion evidence and the evidence as a whole. *Id*. Defendant argues that Plaintiff has not established that she had functional limitations that exceed the limitations set forth in the RFC. *Id*. Finally, Defendant argues that the

ALJ's hypotheticals to the VE reflected the ALJ's properly formed and supported RFC findings. *Id*.

The Court has reviewed the entire transcript and the parties' briefs and agrees with Defendant's assertion that this decision was supported by substantial evidence. The ALJ considered Plaintiff's treatment history, function reports, and testimony and appropriately weighed the evidence regarding the limitations her combined impairments would impose. (Tr. 16-30). The ALJ considered Plaintiff's testimony about her vertigo, dizziness, syncope, and migraines as well as her carpal tunnel syndrome. (Tr. 25). He also considered Plaintiff's treatment history and reports of her symptoms in treatment notes. (Tr. 25-28). The ALJ considered and carefully weighed the medical opinions in the record, and included limitations which accounted for all of her impairments including those that were found to be nonsevere. *Id*. For the reasons stated in the ALJ's opinion and in the Defendant's brief, the Court finds Plaintiff's arguments on appeal to be unpersuasive and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

IT IS SO ORDERED this 30th day of March 2026.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

4